UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
HARRY CARLTON WILEY and
VIRGINIA RUTH WILEY,
    Debtors.　　　　　　　　　　　　　　　　No. 7-07-13053 SL

TRUE VALUE COMPANY,
fka TruServ Corporation,
    Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　Adv. No. 08-1078 S

HARRY CARLTON WILEY and
VIRGINIA RUTH WILEY,
    Defendants.

## MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Defendants' Motion for Partial Summary Judgment ("Motion")(doc. 23), Plaintiffs' response ("Response")(doc. 28) and Defendants' reply ("Reply")(doc 37). Plaintiffs appear through their attorneys Rodey, Dickason, Sloan, Akin & Robb, P.A. (Charles Hughson) and Houston Harbaugh, PC (Samuel Simon). Defendants appears through their attorney Michael K. Daniels. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Plaintiff's complaint ("Complaint") is one to determine the dischargeability of a state court judgment under 11 U.S.C. § 523(a)(4) and to deny the Debtors' discharge under 11 U.S.C. § 727. The Motion is addressed only to the Section 523(a)(4) claim. That section provides: "A discharge under section 727 ... of this title does not discharge an individual debtor from any

debt- ...  for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

**PROCEDURAL ISSUES**

Defendant's Motion seeks partial summary judgment under Bankruptcy Rule 7056, which adopts Fed.R.Civ.P. 56.  Federal Rule 56 states, in part:

> ...
> (b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
> (c) Motion and Proceedings Thereon. ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
> (e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

"A summary judgment motion must be supported in such a way as to allow a bankruptcy court to credibly determine if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Harris v.</u>

Beneficial Oklahoma, Inc. (In re Harris), 209 B.R. 990, 995 (10th Cir. B.A.P. 1997)(quoting Fed.R.Civ.P. 56(c).)

> Although affidavits are not strictly required by Rule 56 or case law, in practice they are usually necessary to obtain summary judgment.... [I]t makes sense to distinguish between affidavits that primarily give testimony and affidavits that are used primarily to introduce documents so that the court may consider the documents in determining whether material factual matter is genuinely in dispute.  A party seeking to rely on material other than affidavits to obtain summary judgment may nonetheless need to use an affidavit to place these materials before the court and into the official record. ...
> In order for documents not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test: (1) the document must be attached to and authenticated by an affidavit which conforms to Rule 56(e); and (2) the affiant must be a competent witness through whom the document can be received into evidence. ...
> Documentary evidence for which a proper foundation has not been laid cannot support a summary judgment motion, even if the documents in question are highly probative of a central and essential issue in the case.

Id. at 995-96 (quoting 11 James Wm. Moore et al., Moore's Federal Practice §§ 56.10[4][c][I] & 56.14[2][c](3d ed. 1997)(footnotes omitted.)).  See also Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000)("Documents supporting or opposing summary judgment must be properly authenticated.")(citing Fed.R.Civ.P. 56(e)); Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).")(Internal punctuation and citation omitted.); United States v. Dibble, 429 F.2d 598, 602 (9th Cir.

1970) (Unauthenticated summary judgment exhibits are inadmissible hearsay.); <u>White v. Wells Fargo Guard Services</u>, 908 F.Supp. 1570, 1579 (M.D. Ala. 1995)(Court may not consider documents not sworn or certified as required by Fed.R.Civ.P. 56(e).)

Plaintiff's response contains no affidavits, there are no previous affidavits on file in this case, and the unauthenticated exhibits attached to the response are inadmissible hearsay. Therefore, the Court cannot consider the exhibits as part of the response. <u>See</u> <u>Alexander v. CareSource</u>, 576 F.3d 551, 561 (6th Cir. 2009)(It is improper for District Court to consider documents that do not meet the requirements of Rule 56(e) if opponent objects.)(citing <u>Moore v. Holbrook</u>, 2 F.3d 697, 699 (6th Cir. 1993)).

**<u>THE MOTION AND RESPONSE</u>**

Defendant's Motion lists five proposed material undisputed facts and their sources in the record:

> 1) Defendants operated several hardware stores, supplied at certain times by Plaintiff True Value. See Complaint, generally.
> 2) Plaintiff got a large judgment against Defendants prior to the filing of the bankruptcy proceeding. Complaint paragraphs 5-15.
> 3) Defendant Harry Wiley, in his capacity as a corporate officer of HRW of Las Cruces, Inc., participated in the sale of hardware store assets from HRW of Las Cruces, Inc. to Oxford Investments, LLC. Complaint paragraphs 99-121.
> 4) The source of the fiduciary duty alleged by Plaintiff to have been breached by Defendants is a general fiduciary duty running from corporate officers to creditors of said corporations. Complaint paragraphs 99-121; see also Response to Interrogatory 6

Page -4-

Case 08-01078-trc   Doc 38   Filed 04/01/10   Entered 04/01/10 16:00:34 Page 4 of 11

>   (first set of interrogatories) and Response to Request
>   for Production 6 (first set of interrogatories),
>   attached hereto as Exhibits A and B respectively, and
>   incorporated herein by reference.
>        5) Although Defendants do not consider it relevant
>   to this motion, a copy of the asset sale agreement
>   between HRW of Las Cruces, Inc., and Oxford
>   Investments, LLC is attached hereto as Exhibit C, and
>   is incorporated herein by reference. This is done
>   because the document is referenced in Plaintiff's
>   Response to Request for Production 6 as a possible
>   source of the fiduciary duty it alleges Defendants owe
>   to Plaintiff.

Motion, doc 23, p. 1-2.

Under N.M. LBR 7056-1, an opponent of a summary judgment motion must affirmatively respond to each proposed fact and, if a fact is contradicted the opponent must cite to supporting material in the record:

>   A memorandum in opposition to the motion shall contain
>   a concise statement of the material facts as to which
>   the party contends a genuine issue does exist.  Each
>   fact in dispute shall be numbered, shall refer with
>   particularity to those portions of the record upon
>   which the opposing party relies, and shall state the
>   number of the movant's fact that is disputed.  All
>   material facts set forth in the statement of the movant
>   shall be deemed admitted unless specifically
>   controverted.

N.M. LBR 7056-1.  <u>See also</u> Fed.R.Civ.P. 56(e)(2):

>   Opposing Party's Obligation to Respond.  When a motion
>   for summary judgment is properly made and supported, an
>   opposing party may not rely merely on allegations or
>   denials in its own pleading; rather, its response
>   must--by affidavits or as otherwise provided in this
>   rule--set out specific facts showing a genuine issue
>   for trial.  If the opposing party does not so respond,
>   summary judgment should, if appropriate, be entered
>   against that party.

In <u>Alexander</u>, the Court emphasized the role of Rule 56(e):

> Rule 56(e)(2) leaves no doubt about the obligation
> of a summary judgment opponent to make her case with a
> showing of facts that can be established by evidence
> that will be admissible at trial. Fed.R.Civ.P.
> 56(e)(2) ("When a motion for summary judgment is
> properly made and supported, an opposing party may not
> rely merely on allegations or denials in its own
> pleading; rather, its response must-by affidavits or as
> otherwise provided in this rule-set out specific facts
> showing a genuine issue for trial."). In fact, "[t]he
> failure to present any evidence to counter a
> well-supported motion for summary judgment alone is
> grounds for granting the motion." Everson v. Leis, 556
> F.3d 484, 496 (6th Cir. 2009) (citing Skousen v.
> Brighton High School, 305 F.3d 520, 528 (6th
> Cir.2002)). Rule 56(e) identifies affidavits,
> depositions, and answers to interrogatories as
> appropriate items that may be used to support or oppose
> summary judgment. See Fed.R.Civ.P. 56(e).

Alexander, 576 F.3d at 558.

Plaintiff's Response admits proposed facts 1 and 2. With respect to proposed fact 3, Plaintiff "disputes" the fact, but then simply cites to two paragraphs of its complaint. This is insufficient to controvert the fact. See Fed.R.Civ.P. 56(e)(2) ("[A]n opposing party may not rely merely on allegations ... in its own pleadings.") The Court will therefore deem fact 3 to be undisputed. With respect to proposed fact 4, Plaintiff "disputes" the fact, and states "The fiduciary obligations in this case arise from an express trust entered into by the Wileys and HRW of Las Cruces, Inc." Plaintiff does not cite to a location in the record. Furthermore, as discussed above, the unauthenticated exhibits attached to the Response cannot be considered by the Court (including the alleged commercial

Page -6-

security agreement). The Court will therefore deem fact 4 to be undisputed. Plaintiff did not respond to proposed fact 5, so it is deemed admitted. N.M. LBR 7056-1.

**DISCUSSION**

"The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). There is no genuine issue as to any material fact, so the sole remaining issue is whether Defendants are entitled to judgment as a matter of law. The Court finds that they are.

In <u>Employers Workers' Compensation Assoc. v. Kelley (In re Kelley)</u>, 215 B.R. 468, 471-72 (10th Cir. BAP 1997), the Tenth Circuit Bankruptcy Appellate Panel discussed fiduciary duty:

> Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity." The Tenth Circuit recently explained the meaning of "fiduciary capacity" in this provision.
> > The existence of a fiduciary relationship under § 523(a)(4) is determined under federal law. However, state law is relevant to this inquiry. Under this circuit's federal bankruptcy case law, to find that a fiduciary relationship existed under § 523(a)(4), the court must find that the money or property on which the debt at issue was based was entrusted to the debtor. Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4). Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining

Case 08-01078-trc    Doc 38    Filed 04/01/10    Entered 04/01/10 16:00:34 Page 7 of 11

> power, is sufficient to establish a fiduciary
> relationship for purposes of dischargeability.
> "Further, the fiduciary relationship must be shown
> to exist prior to the creation of the debt in
> controversy." [Allen v. Romero (In re Romero)],
> 535 F.2d [618,] 621 [(10th Cir. 1976)].
> Fowler Bros. v. Young (In re Young), 91 F.3d 1367,
> 1371-72 (10th Cir. 1996)(additional citations omitted).
> We are, of course, obliged to apply this narrow view of
> the fiduciaries who are covered by § 523(a)(4).

The Kelley court also noted that state statutes often, but not always, impose trusts on persons held to be fiduciaries as a matter of law based on their relationships. Id. at 473. See also Van de Water v. Van de Water (In re Van de Water), 180 B.R. 283, 289 (Bankr. D. N.M. 1995)("The trust requirement is not limited to trusts arising out of a formal agreement, but includes relationships in which trust-type obligations are imposed pursuant to statute or common law.")(Citation omitted.) A state statute must meet three requirements to trigger section 523(a)(4)'s fiduciary status: (1) the trust res must be defined by the statute, (2) the statute must spell out the fiduciary duty, and (3) the statute must impose a trust on funds prior to the act creating the debt. Kelley, 215 B.R. at 473.

    The Court will examine the complaint in light of these factors. First, the Court notes that the existence of a fiduciary duty is a question of law, not a fact that can be pled. Van de Water, 180 B.R. at 289 (Fiduciary capacity is a question of federal law; the general definition of fiduciary is too broad in the dischargeability context.); Fowler Brothers, 91 F.3d at

Page -8-

1371 ("The existence of a fiduciary relationship under §
523(a)(4) is determined under federal law.") Therefore, the
Court will disregard the Complaint's conclusory allegations[1] that

---

[1] See Complaint ¶¶ 28 ("Debtors have not respected corporate
formalities and have engaged in self dealing in breach of their
fiduciary duties to the Family Trust, the companies, the LLC and
creditors of the companies, including True Value."), 30
("Debtors' debt to True Value is due in part to fraud and
defalcation while the Debtors acted in a fiduciary capacity as
officers of a corporation that was insolvent but still possessed
a commercial building and a hardware store full of inventory."),
113 ("As president of HRW Las Cruces, Debtor Mr. Wiley had a
fiduciary duty to preserve the assets of the company for
creditors, including True Value."), 115 ("By transferring the
assets of HRW Las Cruces to Oxford Investments, LLC, Debtor Mr.
Wiley took valuable assets of HRW Las Cruces with which he was
entrusted and Debtors, in their capacities as sole stockholders
of HRW Las Cruces, have breached their fiduciary duty to preserve
of the company assets for creditors, including True Value."), 117
("Debtor Mr. Wiley as sole Trustee of the Family Trust, in
effect, loaned Family Trust funds to his daughter which quickly
returned to Debtors' personal funds. Debtor Mr. Wiley's action
was a breach of his fiduciary duty to the Family Trust."), 118
("The sale by Debtors of their personal property to their
daughter and son-in-law's company occurred in June 2006.
Debtors' subsequent delay in filing their Petition after having
knowledge of insolvency was a breach of their fiduciary duty to
their creditors, including True Value."), 119 ("Debtors were
planning to file the instant Petition while simultaneously
placing a business owned 100% by them on the market for sale.
This action to sell assets was a breach of their fiduciary duty
to their creditors as it further devalued the stock of HRW Las
Cruces."), 120 ("Debtors breached their fiduciary duty to their
creditors when, on or about November 23, 2007, they permitted HRW
Las Cruces to enter into an Asset Purchase Agreement to sell its
assets to Oxford Investments, which is owned by Debtors' daughter
and son-in-law, for $8,000 paid up front and a Note held by HRW
Las Cruces in the amount of $171,008.76 payable over fifteen (15)
years. Debtors breached their fiduciary duty to creditors by
devaluing the stock in HRW Las Cruces, which debtors owned 100%
of at the time of the transaction, November 23, 2007– a mere ten
(10) days prior to Debtors filing their Petition.") and 121
("Moreover, Debtors further breached their fiduciary duty and
(continued...)

Defendants were acting in a fiduciary relationship and look to the well-pled facts to see if the complaint alleges facts that could indicate such a relationship.

The complaint does not allege an express trust. The admissible evidence on record does not show an express trust. Plaintiff pointed out no statute that would create such a trust. Defendant's interrogatory 6, doc. 23-1, asked Plaintiff to describe with specificity any fiduciary duty it alleged Defendants have in favor of Plaintiff. Plaintiff's discovery response to this question was "[P]lease see complaint filed in the instant action." Similarly, Defendant's request for production 6, doc. 23-2, asked for production of "Any documents which you allege would constitute some foundation for the creation or maintenance of a fiduciary duty on the part of Defendants in favor of either Plaintiff related in any way to the issues raised in your complaint." Plaintiff's response was "True Value generally refers to the November 23, 2007 Asset Purchase Agreement, including all documents referenced therein; the related Promissory Installment Note as well as the corporate documents of H.R.W. of Las Cruces, Inc." The November 23, 2007 asset purchase agreement was executed by Oxford Investments, LLC.

---

[1](...continued)
further devalued the stock in HRW Las Cruces by causing to be paid $10,000 in or around December 2007 to Attorney Lyle Wood for the preparation of the aforementioned Asset Purchase Agreement.")

See doc. 23-3. It creates no fiduciary duties. Neither the related Promissory Installment Note or the corporate documents of H.R.W. of Las Cruces, Inc. are in evidence. In summary, the Court finds no fiduciary duty running from the Defendants to Plaintiff that is actionable under 11 U.S.C. § 523(a)(4). A separate order will enter granting Defendant's Motion.

                                    Honorable James S. Starzynski
                                    United States Bankruptcy Judge

Date Entered on Docket:  April 1, 2010

Copies to:

Charles R. Hughson
Rodey, Dickason, Sloan, Akin & Robb, P.A
P.O. Box 1888
Albuquerque, NM 87103-1888

Samuel Herman Simon
Houston Harbaugh, PC
Three Gateway Center
401 Liberty Ave, 22nd Floor
Pittsburgh, PA 15222

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640